IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEFFREY M. BLOCHOWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-076 |
| | ) | |
| JILL E. STEINBERG; MERRICK B. GARLAND; U.S. DEPT. OF VETERANS AFFAIRS, OGC; U.S. DEPARTMENT OF JUSTICE; and THE UNITED STATES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

In a motion filed July 22, 2024, (doc. no. 13), Plaintiff asks the Court to reconsider its June 20, 2024 Order staying discovery pending resolution of Defendants' motion to strike the complaint, (doc. no. 11). Pursuant to 28 U.S.C. § 636(c), Plaintiff also filed a "Notice of Non-Consent" to the referral of the motion for reconsideration to the undersigned. (Doc. no. 14.) Consent is not required for referral to a Magistrate Judge of pretrial matters like discovery. Lambert v. Worldwide Mktg. Techs. Corp. 708 F. App'x 559, 563 (11th Cir. 2017) (*per curiam*) (citing 28 U.S.C. § 636(b)(1)(A)); see also Smith v. United States, Civ. Act. No. 4:20-cv-286, 2022 WL 4594484, at *1-2 (S.D. Ga. Sept. 29, 2022) (Baker, C.J.) (recognizing practice under § 636(b)(1)(A), Fed. R. Civ. P. 72(a) and Loc. Civ. R. 72.2 of referring non-dispositive matters to Magistrate Judge), *aff'd*, No. 22-13645, 2023 WL 5011730 (11th Cir. Aug. 7, 2023) (*per curiam*). Plaintiff has asked for reconsideration of

this Court's discovery order, and his consent is not required for the undersigned to rule on this non-dispositive discovery matter.

The Court has discretion to grant or deny a motion for reconsideration of a non-final order.  See Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).  As the Chief Judge of the Southern District has explained:

> Motions for reconsideration are to be filed only when "absolutely necessary" where there is:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; and (3) a need to correct a clear error of law or fact.  "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'"  Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time.

Murray v. ILG Techs., LLC, Civ. Act. No. 4:18-cv-110, 2019 WL 498849, at *1 (S.D. Ga. Feb. 8, 2019) (citations omitted) (Baker, C.J.).

Plaintiff's current motion fails to meet this demanding standard.  He has not identified newly discovered evidence, a change in controlling law, or clear error such that it was "absolutely necessary" to file a motion for reconsideration.  Plaintiff's reliance on non-binding case law is unpersuasive, and his certainty that Defendants' motion to strike will fail does not change the fact that determination ultimately rests with the presiding District Judge.  Accordingly, the Court **DENIES** the motion for reconsideration.  (Doc. no. 13.)

SO ORDERED this 7th day of August, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA